UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY DAMON BROWNE,

    Plaintiff,

    v.

ROB ROWHENA,

    Defendant.

CAUSE NO.: 3:19-CV-832-PPS-MGG

OPINION AND ORDER

Anthony Damon Browne, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Browne asserts several State law claims against Rob Rowhena, including defamation, breach of fiduciary duty, fraud, conversion, and nuisance claims. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). In the complaint, Browne does not explain the factual basis for his claims, including the identity of the defendant, what the defendant did to harm him, and the location and the timing of these events. As a result, the complaint does not plausibly state a claim upon which relief can be granted.

Additionally, it is not clear that the court has subject matter jurisdiction over Browne's claims. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 n.3 (7th Cir. 1984) ("[I]t is axiomatic that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."). As a federal district court, this court has subject matter jurisdiction over claims arising under federal law or for claims where there is diversity of citizenship between the parties. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Browne resides in the State of Indiana, and his filings suggest that the defendant is his former landlord, who also resides in the State of Indiana. Further, the complaint contains no indication that the defendant violated Browne's rights under federal law. As a result, it appears that the court lacks subject matter jurisdiction, and Browne cannot proceed on this complaint.

Nevertheless, Browne may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, he should file an amended complaint only if he believes that he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. At minimum, he should describe his interactions with each individual

defendant in detail, including names, dates, locations, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Anthony Damon Browne until November 12, 2019, to file an amended complaint; and

(2) CAUTIONS Anthony Damon Browne that, if he does not respond by that deadline, this case will be dismissed without further notice

SO ORDERED.

ENTERED: October 10, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT